PEOPLE, PLAINTIFF AND APPELLEE, *v.* FRANQUIS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Disturbance of Peace.

No. 1094.—Decided November 27, 1916.

DISTURBANCE OF PEACE—AFFRAY—EVIDENCE—SELF-DEFENSE.—When the witnesses for the prosecution testify that there was an affray between the appellant and another defendant, but that they did not know who provoked it, and the witnesses for the defense testify that the appellant was attacked by the other defendant, there is no conflict in the evidence and it may be harmonized in the sense that there was an affray originated by the attack of the other defendant. It cannot be asserted that one who only opposed the necessary resistance to prevent injury to his person maliciously and wilfully disturbed the peace.

The facts are stated in the opinion.

*Mr. Juan B. Huyke* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by defendant Eloy Franquis from a judgment rendered by the District Court of Humacao on December 28, 1915, after a trial *de novo,* convicting him of a breach of the peace and sentencing him to pay a fine of thirty dollars and the costs, or, in default of payment, to

imprisonment one day in jail for each dollar of the fine not paid.

Appellant Eloy Franquis and two others were charged in the Municipal Court of San Lorenzo with wilfully and maliciously engaging in an affray on the public square of Juncos, municipal judicial district of San Lorenzo of the judicial district of Humacao, thereby disturbing the peace of the people on the said square.

The appellant bases his appeal on an alleged error committed by the court in weighing the evidence introduced at the trial.

We have examined the said evidence and find that the only two witnesses for the prosecution testified that they saw an affray between Villafañe and Franquis, but neither of them knew how it began or who provoked it, whereas the defendant and two other witnesses for the defense testified that Villafañe assaulted Franquis by seizing him by the throat while he was leaving the municipal building of the town of Juncos in such a way that he could not defend himself.

The attorney for the appellant contends that this case comes plainly within the decision of this court in the case of *The People* v. *Torres,* 18 P. R. R. 897, and the *fiscal* admits that such would be the case if the testimony for the defense were true and there were no evidence for the prosecution tending to show that the defendant entered into the affray wilfully and maliciously, but maintains that as the evidence was contradictory it was the duty of the lower court to adjust the conflict; and therefore the jurisprudence established by this court in the case of *The People* v. *Serrano,* 21 P. R. R. 484, is applicable.

We are of the opinion that the evidence for the defense is not in conflict with that for the prosecution, for the witnesses for the latter simply testified that there was an affray but that they did not know who provoked it; and the witnesses for the former testified that the appellant was assaulted by Villafañe, who seized him by the throat as he

was leaving the municipal building in Juncos.   The evidence
for the prosecution and defense may be harmonized in the
sense that although there was an affray it was provoked by
Villafañe, and, if there were such provocation, it cannot be
asserted that Franquis wilfully and maliciously disturbed the
peace.   This is necessary in order to incur the penalty pre-
scribed by section 368 of the Penal Code, but he only opposed
the necessary resistance to prevent an injury to his person
by Villafañe and exercised the right given him by section
52 of our Penal Code without apparently causing any injury
to his assailant.   The decision of this court in the case of
*The People* v. *Torres, supra,* is applicable to this case and
not that in *The People* v. *Serrano,* also cited.

The judgment appealed from should be reversed and the
defendant-appellant discharged without costs.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.